## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| KEVIN PERKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: |
| v. ) | |
| ) | Division No.: |
| SAFECO INSURANCE COMPANY, ) | |
| OF AMERICA ) | |
| ) | |
| **Serve:** ) | |
| **Safeco Insurance Company** ) | |
| **SC-Lawyers Incorporating Service Company,** ) | |
| **Registered Agent** ) | |
| **221 Bolivar Street** ) | |
| **Jefferson City, MO 65101** ) | |
| ) | |
| Defendant. ) | |

## **PETITION**

**COMES NOW** Plaintiff, Kevin Perkins (hereinafter "Perkins"), by and through undersigned counsel, and for his causes of action against Defendant Safeco Insurance Company (hereinafter "Safeco"), states and shows the Court as follows:

1.  Plaintiff is and was at all times material hereto a resident and citizen of the State of Missouri.

2.  Safeco is an insurance company or corporation duly authorized and licensed to do business as an insurance company in the State of Missouri.

3.  On or about October 30, 2018, Perkins was lawfully operating an automobile owned by him and his wife, in a generally west bound direction on Manchester Road in St. Louis, Missouri, when he slowed to make a right-hand turn onto a private roadway.

4. At the aforesaid time and place, a motor vehicle being operated by Nicholas Cook (hereinafter "Cook") (further described *infra* as an "underinsured motorist") driving immediately behind Perkins, slammed into the driver's side rear bumper of Perkins' vehicle.

5. Cook was negligent and failed to exercise the highest degree of care in one or more of the following respects:

(a) Failed to keep a careful lookout;

(b) Negligent and negligent per se pursuant to the rear end collision doctrine;

(c) Was inattentive in the operation of his motor vehicle;

(d) Failed to stop or swerve, coming into contact with the motor vehicle operated by Perkins; and,

(e) Failed to sound a warning.

6. At the time of the aforementioned collision and at all relevant times, Perkins exercised the highest degree of care in the operation of his automobile and was not negligent.

7. At the time of the aforementioned collision, Cook was an underinsured motorist as that term is defined in the applicable Safeco policy of insurance providing coverage to plaintiff.

8. As a direct and proximate result of the conduct Cook, in one or more of the foregoing respects submitted above, Perkins was caused to sustain financial anxiety and distress. Perkins underwent medical treatment for same and has incurred charges for medical care and treatment for same in the amount of approximately Sixteen Thousand, Seven Hundred Eighty-Two ($16,782,00) dollars related thereto. Perkins continues to experience symptoms of the aforementioned harm, injury, and losses, and the aforementioned harms, injury and losses.

9. As a direct and proximate result of the underinsured driver's negligence, plaintiff has incurred lost wages.

Electronically Filed - St Louis County - December 22, 2020 - 04:51 PM

## COUNT I
## BREACH OF CONTRACT/VEXATIOUS REFUSAL – SAFECO

10. On or about October 30, 2018, Perkins for money paid in the form of premiums, was an insured under one or more active policies of insurance issued by Safeco which provided underinsured motorist coverage to him.

11. While the insurance policy was in full force and effect, Perkins suffered extensive damage and bodily injury as a result of the events described above caused by Cook, who is an underinsured motorist as defined in the Safeco policy.

12. Perkins notified Safeco and filed and made claims for coverage and payment of the underinsured motorist benefits and has complied with all conditions pursuant to the insurance policy.

13. Safeco has delayed payment unreasonably and without justification, and/or has denied the claims for coverage and payment.

14. Safeco's delay and/or denial of the coverage and claims for payment was in bad faith, as the evidence establishes a clearly covered loss that is within the terms of the coverage sold by Safeco and for which thousands of dollars in premium charges has been paid for plaintiff and his wife to be protected from harms and losses caused by underinsured motorists.

15. Safeco has failed and refused and continues to refuse to extend full and complete coverage for the entire loss and all of the harms and damages and has failed to otherwise honor its obligations under the policy of insurance.

16. Safeco's actions as set forth in the preceding paragraphs are without just cause or excuse, are unreasonable under the facts as such facts would appear to a reasonable person and are based on improper and/or incorrect reasons.

17. Safeco has failed to allege or provide a valid reason for its failure and continued refusal to provide full and complete coverage and reasonable payment for all of the harms and losses and all of the aforementioned damage and injuries.

18. Perkins has complied with all material terms and conditions of the policy.

19. Despite repeated demands and evidence provided to Safeco of the harms, injuries, and losses, and that the claims are covered by the policy, Safeco has accepted plaintiff's premium payments but has failed and refused to pay or otherwise honor its policy, in breach of the policy and adding to plaintiff's harms, injury, and detriment.

20. Safeco's refusal and delay and failure to provide complete coverage and indemnity for the harms and losses suffered by Perkins at the hands of an underinsured motorist is unreasonable, vexatious, and without reasonable cause, and, therefore, pursuant to §375.296 and §375.420 R.S.Mo, it is liable for interest from and after the date of the submission of the claim, penalties as provided by statute, costs of suit, and reasonable attorneys' fees for vexatious delay and refusal to pay. To date, Perkins has incurred attorneys' fees and will continue to incur such fees until this action is concluded.

21. As a direct and proximate result of the foregoing, Perkins suffered damages in an amount to be determined upon the trial of this cause, as and for actual and consequential damages, and other amounts as may be reasonably due and payable to Perkins or on his behalf under the terms of the policy.

**WHEREFORE**, Plaintiff, Kevin Perkins, prays for Judgment against Safeco Insurance, for a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) but less than Seventy-Five Thousand Dollars ($75,000.00), together with pre-Judgment interest and interest at the legal rate,

statutory penalties for vexatious delay and refusal to pay, attorneys' fees, the cost of this action, and for such other and further relief as this Court deems just and proper.

                                        **THE ONDER LAW FIRM**

By    */s/ Matthew P. O'Grady*
           Matthew P. O'Grady  #47543
           110 E. Lockwood
           St. Louis, MO 63119
           314/963-9000 telephone
           314/963-1700 facsimile
           ogrady@onderlaw.com

*Attorneys for Plaintiff*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 20SL-CC06210 |
|---|---|
| Plaintiff/Petitioner:<br>KEVIN PERKINS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW P O'GRADY<br>110 EAST LOCKWOOD<br>SAINT LOUIS, MO  63119 |
| Defendant/Respondent:<br> SAFECO INSURANCE COMPANY OF AMERICA | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** SAFECO INSURANCE COMPANY OF AMERICA
                              **Alias:**
C/O SC-LAWYERS INCORP. SERV.
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

      **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

  **29-DEC-2020**                                       _/s/ Joan M. Gilmer_____
    Date                                                                Clerk

    **Further Information:**
    MT

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

                Subscribed and sworn to before me on _____ (date).

(Seal)      My commission expires: _____      _____
                                            Date                                      Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI



| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 20SL-CC06210 |
|---|---|
| Plaintiff/Petitioner:<br>KEVIN PERKINS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW P O'GRADY<br>110 EAST LOCKWOOD<br>SAINT LOUIS, MO 63119 |
| Defendant/Respondent:<br>SAFECO INSURANCE COMPANY OF AMERICA | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

**RECEIVED JAN 0 4 2021 COLE COUNTY SHERIFF'S OFFICE**

**RECEIVED JAN 1 2 2021 COLE COUNTY SHERIFF'S OFFICE**

**FILED JAN 2 0 2021 JOAN M. GILME**

## Summons in Civil Case

The State of Missouri to: SAFECO INSURANCE COMPANY OF AMERICA
Alias:
C/O SC-LAWYERS INCORP. SERV.
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

COURT SEAL OF
ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

29-DEC-2020
Date                                                                                      Clerk

Further Information:
MT

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
SC-Lawyers Incorp. Serv., S.L. (name) designee (title).
☐ other _____.
Served at 350 E. High (address)
in Cole (County/City of St. Louis), MO, on 01-13-2021 (date) at 8:00 AM (time).
Sheriff John P Wheeler by Sgt Aimee Wray
Printed Name of Sheriff or Server       Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____  _____
                              Date                   Notary Public

54102
30

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only.* **Document ID# 20-SMCC-11451**   4   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KEVIN PERKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: 20SL-CC06210 |
| v. ) | |
| ) | |
| SAFECO INSURANCE COMPANY ) | |
| OF AMERICA ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Plaintiff's First Interrogatories and First Request for Production of Documents Directed to Defendant Safeco Insurance Company of America were served simultaneously with the Summons and Petition on January 13, 2021.

**ONDERLAW, LLC**

By:   /s/ Matthew P. O'Grady
Matthew P. O'Grady, #47543
110 East Lockwood Avenue
St. Louis, MO 63119
Tel:   (314) 963-9000
Fax:   (314) 963-1700
ogrady@onderlaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was eFiled with the Clerk of the Circuit Court on this 28th day of January 2021.

  /s/ Matthew P. O'Grady