UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-155-SNLJ |
| ) | |
| SAFECO INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on plaintiff's motion to remand. Plaintiff filed this case in state court alleging that the defendant insurance company had wrongfully and vexatiously failed to pay underinsured motorist coverage after plaintiff was in a motor vehicle accident with an underinsured motorist. Plaintiff's state court petition seeks a "sum in excess of…$25,000, but less than…$75,000." Despite that language in the petition, defendant removed to federal court pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, which requires that the plaintiff and defendant be citizens of different states and that the amount in controversy exceed $75,000, exclusive of interest and costs.

Plaintiff thus moves to remand the case to state court because, he says, his petition makes clear that the amount in controversy is less than the $75,000 jurisdictional minimum.

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 amended 28 U.S.C. § 1446 by adding a provision stating that "the notice of removal may assert the amount in controversy if the initial pleading seeks…(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). The Supreme Court of the United States has held that a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations." *Id.*

Plaintiff contends the amount in controversy cannot met in this case because his petition limits his relief to "less than $75,000." Plaintiff's position has been rejected several times in this district. Although plaintiff seeks "less than $75,000," he states that his last settlement demand was for $50,000, and his vexatious refusal to pay claim and his claim for attorneys' fees could easily cause this matter's amount in controversy to exceed $75,000. For example, recent vexatious refusal to pay claim cases have resulted in jury awards of over $75,000, in part due to large attorneys' fees awards. *See Henderson v. Shelter Mutual Ins. Co.*, No. 17-JC-CC00108 (Cir. Court Jefferson County, Mo., Nov. 18, 2018) ($82,950 in attorneys' fees); *Qureshi v. Am. Family Mut. Ins. Co.*, No. 1522-CC10460 (Cir. Court of City of St. Louis, Dec. 4, 2018) (over $96,000 in attorneys' fees alone).

Indeed, "the jurisdictional fact in this case is not whether the damages are greater than a requisite amount, but whether a face finder might legally conclude that they are." *Ward v. Sailormen, Inc.*, No. No. 4:06cv1814 JCH, 2007 WL 1040934, at *1 (E.D. Mo. Apr. 3, 2007). In *Ward*, for example, the plaintiff alleged serious and permanent injuries to her head, neck, back, arms, legs, and buttocks. *Id.* Despite the fact that her prayer for relief sought damages "in excess of $25,000, but less than $75,000," the court could not find as a matter of law that her damages would not exceed $75,000 even where plaintiff's attorney assured defense counsel by letter that plaintiff would limit her recovery to no more than $75,000.

Plaintiff's prayer for relief does not preclude or confirm federal jurisdiction, and his argument that it does has been repeatedly rejected. *Kina v. Midland Funding, LLC*, No. No. 4:15cv950 ERW, 2015 WL 5920646 (E.D. Mo. Oct. 9, 2015); *Nukic v. Masterbrand Cabinets, Inc.*, No. 4:15cv491 RWS, 2015 WL 13657181 (Apr. 7, 2015). In *Kina*, for example, the Court only remanded the case after plaintiff submitted an affidavit stating that he would not accept an amount greater than $74,999.99 for all aggregated damages sought in the complaint. *Id.* at *2; *see also Nukic*, 2015 WL 13657181, at *2.

It does not appear that plaintiff has made any sworn statement that he would not accept an amount exceeding the jurisdictional threshold. Because plaintiff's pleading is not a binding stipulation, plaintiff cannot rely on his petition to avoid removal. The motion to remand will be denied.

3

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand is DENIED.

So ordered this 19th day of July, 2021.

                                                              _____
                                                              STEPHEN N. LIMBAUGH, JR.
                                                              SENIOR UNITED STATES DISTRICT JUDGE